**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                                        Subchapter V, Chapter 11

RITCHEY'S TRUCK REPAIR, INC.,[1]                          Case No. 8:26-bk-04988-CED

        Debtor.

_____/



**DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY**

In compliance with Local Rule 2081-1(b), Ritchey's Truck Repair, Inc. (the "Debtor"),

files this *Chapter 11 Management Summary* and states:

**I.**        **Description of Debtor's Business**

Ritchey's Truck Repair, Inc. is a Florida corporation established in 1999 by Bruce Ritchey

("Mr. Ritchey") and Karen Ritchey ("Mrs. Ritchey") as a mobile truck repair business. Since its

founding, the company has expanded into a full-service repair facility equipped with state-of-the-

art computerized diagnostic technology, offering preventive maintenance, repair services, engine

rebuilds, and mobile mechanic services.

---

[1]The address of the Debtor is 2040 Industrial Park Rd., Mulberry, FL 33860.  The last four digits of the Debtor's
federal tax identification numbers are 4458.

**II.**      **Location of Debtor's Operations and Whether Leased or Owned**

The Debtor's principal office is located at 2040 Industrial Park Rd., Mulberry, FL 33860 (the "Facility"). The Facility is an industrial warehouse building owned by the Debtor.

**III.**      **Reasons for Filing Chapter 11**

The Debtor commenced this chapter 11 case in response to protracted and increasingly burdensome prepetition litigation initiated by a putative purchaser that failed to consummate a contemplated transaction, despite having ample opportunity to do so. The purchaser neither tendered the purchase price nor demonstrated the financial capacity to close yet continued to interfere in the Debtor's financial and operational affairs to the detriment of the business. At the same time, the Debtor has experienced declining revenues, rising operating costs, and significant liquidity strain driven in large part by mounting litigation expenses. The purchaser's recent filing of a third amended complaint—spanning more than 300 pages—has further delayed adjudication and materially increased the cost of defense, which the Debtor lacks the liquidity to sustain. The chapter 11 filing is therefore intended to provide a centralized and efficient forum to address the purchaser's disputed claims, halt value-destructive litigation, and allow the Debtor to stabilize operations. Through this process, the Debtor seeks to preserve going-concern value, protect employment, maintain customer goodwill, pursue an orderly sale process in connection with a section 363 sale or chapter 11 plan, estimate or liquidate the putative purchaser's claim, and make distributions to creditors holding allowed claims in accordance with the Bankruptcy Code's priority scheme.

**IV.**      **List of Officers and Directors Including Salaries and Benefits at the Time of Filing and During 1 Year Prior to Filing**

Bruce Ritchey ("Mr. Ritchey") owns 50% of the equity interests in the Debtor and serves as its President. During the twelve (12) months preceding the Petition Date and as of the Petition

2

Date, Mr. Ritchey received compensation of approximately $4,500 per week (or $234,000 per year) and benefits including use of a company vehicle, a cellular phone with phone and internet service, and health insurance. Mr. Ritchey is responsible for the overall management, direction, and strategic oversight of the business.

**V.       Debtor's Annual Gross Revenues**

The Debtor's annual gross revenues were $4,541,590 in 2024 and $4,371,833 in 2025. The Debtor's estimated year to date gross revenues for 2026 are approximately $1.5 million.

**VI.       Amounts Owed to Various Classes of Creditors**

The Debtor anticipates that the Internal Revenue Service will assert a priority tax claim in the amount of $177,108.00. The Debtor's anticipates that the following creditors will assert liens on the Debtor's assets: (a) First Citizens Bank & Trust Company in connection with a mortgage on the Facility and a security interest in rents and personal property (as defined in the mortgage document; (b) Great America Financial Services Corporation in connection with a lien on equipment; (c) Kubota Credit Corporation, U.S.A in connection with liens on various pieces of equipment; and (d) SunTrust Bank in connection with a lien on accounts excluding deposit accounts, equipment, and inventory. The Debtor estimates that there are approximately $4 million in asserted unsecured claims, including an unliquidated claim of the putative purchaser. The Debtor reserves all rights, claims, defenses, objections, and remedies with respect to all scheduled and filed claims.

**VII.       General Description and Approximate Value of Debtor's Current Fixed Assets**

The Debtor's assets are comprised of cash, accounts receivable, the Facility, vehicles, machinery, equipment, tools, and office furniture, fixtures and equipment. The Debtor does not have a current valuation with respect to its assets and Debtor reserves all rights, claims, defenses,

objections, and remedies with respect to its assets.

**VIII.**   **Number of Employees and Amounts of Wages Owed as of Petition Date**

The Debtor has 17 employees and owes two days of prepetition payroll as of the Petition Date.

**IX.**   **Status of Debtor's Payroll and Sales Tax Obligations**

The Debtor is unaware of any outstanding prepetition sales tax obligations but owes two days of prepetition payroll and accompanying payroll taxes and will be filing a motion seeking authorization to pay the prepetition wages and all related payroll taxes.

**X.**   **Anticipated Emergency Relief to be Requested Within 14 Days of Petition Date**

a.   Motion to Use Cash Collateral

b.   Motion to Pay Prepetition Wages

**XI.**   **Debtor's Strategic Objectives**

The Debtor's strategic objectives in this Subchapter V case are to stabilize and preserve its going-concern value, protect and retain its workforce, and maintain its customer relationships and goodwill. In furtherance of these goals, the Debtor intends to pursue an orderly and value-maximizing sale process, whether through a section 363 transaction or pursuant to a chapter 11 plan, while simultaneously utilizing the bankruptcy process to efficiently estimate, resolve, or liquidate the disputed claim asserted by the putative purchaser. Through these efforts, the Debtor seeks to maximize value for the estate and make distributions to holders of allowed claims in accordance with the priority scheme established by the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully submits the foregoing as its Chapter 11 Case Management Summary.

Dated: June 10, 2026.

BERGER SINGERMAN LLP
*Proposed Counsel for the Debtor and*
*Debtor-in-Possession*
101 E. Kennedy Boulevard, Suite 1165
Tampa, FL 33602
Tel. 813.498.3400
Email: amayer@bergersingerman.com

By: */s/ Amy Denton Mayer*
  Amy Denton Mayer
  Florida Bar No. 634506

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 10, 2026, a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case as reflected on the Electronic Mail Notice List below.

By: */s/ Amy Denton Mayer*
  Amy Denton Mayer