ORDERED.

**Dated:  July 08, 2026**

_____
Caryl E. Delano
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                                Subchapter V, Chapter 11

RITCHEY'S TRUCK REPAIR, INC.,[1]                 Case No. 8:26-bk-04988-CED

              Debtor.
_____/

**ORDER APPROVING THE EMPLOYMENT OF AMY DENTON**
**MAYER AND THE LAW FIRM OF BERGER SINGERMAN LLP,**
**AS COUNSEL TO THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE**

THIS CASE came before the Court upon the _Debtor's Application for the Approval of the_

_Employment of Amy Denton Mayer and Berger Singerman LLP as Counsel for the Debtor,_

_Effective as of the Petition Date_ [ECF No. 42] (the "Application")[2] filed by Ritchey's Truck

Repair, Inc. (the "Debtor"), seeking entry of an order authorizing the employment of Berger

_____

[1] The address of the Debtor is 2040 Industrial Park Rd., Mulberry, FL 33860.  The last four digits of the Debtor's federal tax identification numbers are 4458.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

Singerman LLP ("Berger Singerman"), pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and 2016, as counsel for the Debtor, as more fully set forth in the Application. The Court finds that: (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) the relief requested in the Application is in the best interests of the Debtor, its estate and creditors; (vi) the Court having found that based on the representations made in the Mayer Declaration, a copy of which is attached to the Application as Exhibit B, that Berger Singerman does not hold or represent an interest adverse to the Debtor's estate, that Amy Denton Mayer and Berger Singerman LLP are disinterested as required by 11 U.S.C. § 327(a), and the Mayer Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016; (vii) the Application was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 14 days of the date of service, no party filed a response within the time permitted, and the Court therefore considers the matter to be unopposed. Accordingly, it is

**ORDERED THAT:**

1.      The Application is **APPROVED**.

2.      The Debtor is authorized to employ and retain Amy Denton Mayer and the law firm of Berger Singerman as its counsel in accordance with the terms and conditions set forth in the Application, effective as of the Petition Date.

3.      Berger Singerman shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to

time, for services rendered and costs incurred on behalf of the Debtor.

4.      The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

#  #  #

*(Attorney Amy Denton Mayer is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*