UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                  Chapter 11, Subchapter V

RITCHEY'S TRUCK REPAIR, INC.,            Case No. 8:26-bk-04988-CED

    Debtor.

_____/

**MOTION OF TRUCKCO, LLC AND SIGNAL MANAGEMENT
GROUP, INC. FOR RELIEF FROM THE AUTOMATIC STAY
TO PERMIT CONTINUATION OF THE STATE COURT ACTION**

TruckCo, LLC ("**TruckCo**") and Signal Management Group, Inc. ("**Signal**," and together with TruckCo, the "**Movants**"), by and through their undersigned counsel, move under 11 U.S.C. § 362(d)(1) and (g) for entry of an order modifying the automatic stay to permit the continuation of the State Court Action, including proceeding against the Debtor to a final judgment, with any enforcement or collection against property of the estate reserved to this Court. Cause exists on three independent grounds: the State Court Action is substantially adjudicated in the forum the parties contractually selected and have actively litigated; the bankruptcy petition was filed to serve the interests of the Debtor's insiders rather than the estate or its creditors; and Debtor's ability to make any distribution depends on completion of the State Court Action.

Cause here is concrete. Stay relief conserves judicial resources, avoids inconsistent adjudications, and touches no estate property. Stay relief is necessary to allow the State Court to determine the character of the claims. Characterization precedes valuation. This Motion is brought now so that the controversy proceeds in one forum, which is the forum the parties previously selected and which the controversy is substantially adjudicated. In support, the Movants state as follows.

**Relief Requested**

1.  The Movants seek an order under § 362(d)(1) modifying the automatic stay to permit the State Court Action described below to proceed against all state court defendants to the entry of a final judgment liquidating liability, including the parties' rights and remedies under the Stock Purchase Agreement, the election of remedies reserved by the State Court, the ownership of the disputed assets, and the warranty and fraud claims. The Movants do not seek, and the requested relief does not authorize, any enforcement or collection against property of the estate, which the Movants ask the Court to reserve to itself and distribution process. The Motion also does not seek relief to litigate the fraudulent-transfer counts against the transferee defendants.

**Background**

**A.  The Stock Purchase Agreement and the parties.** The claims arise from a Stock Purchase Agreement dated October 22, 2024 (the "**SPA**") among Ritchey's Truck Repair, Inc. (the "**Company**" or the "**Debtor**"), Bruce A. Ritchey and Karen A. Ritchey, as Trustees of The Bruce A. Ritchey and Karen A. Ritchey Joint Revocable Living Trust dated June 8, 2010 as Seller (the "**Trust**" or "**Seller**")[1], and Signal as the original Buyer, for the purchase of all of the Company's outstanding stock (**Ex. A**). The gross purchase price is $3,000,000 less credits to the Buyer, the "Buyer Credits," which include "[a]ny other obligation or liability of the company not expressly listed in Exhibit A." **Ex. A**, §§ 1.02, 1.08(e). Signal assigned the Buyer's rights to TruckCo effective December 10, 2024, as permitted by SPA § 8.08. Section 8.10 of the SPA addresses the forums for disputes under the Agreement, as discussed below.

---

[1] Bruce A. Ritchey and Karen A. Ritchey contend that they have always and now own the stock of the Debtor individually.

**B.  The State Court Action.** The Movants are parties to *TruckCo, LLC v. Bruce A. Ritchey, et al.*, Case No. 2025-CA-001921, in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida (the "**State Court Action**"), commenced on or about February 10, 2025, sixteen months before the petition date. The operative pleading, TruckCo's Third Amended Complaint (**Ex. B**), asserts fourteen counts against the Debtor and the non-debtor defendants (collectively, the "**State Court Defendants**") including specific performance, breach of contract, breach of warranty, fraudulent transfer, and declaratory relief as to ownership of the disputed assets. Signal's Amended Counterclaim and Third-Party Complaint, served May 8, 2026 (**Ex. C**), names the Debtor as a Third-Party Defendant on claims that include fraud in the inducement and fraudulent concealment. The State Court has managed the case through extensive motion practice and discovery, including orders compelling the Debtor's document production (**Composite Ex. D**), and determined the Buyer's standing by order entered January 22, 2026 (**Ex. E**). A notice of lis pendens covering four Company parcels has been of record since February 11, 2025, Instrument No. 2025030949, Official Records Book 13429, Page 0590 (**Ex. H**).

**C.  The April 22, 2026 partial summary judgment.** By order entered April 22, 2026, the "**Partial Summary Judgement Order**" (**Ex. F**), the State Court granted partial summary judgment, finding on undisputed facts that the parties entered a valid contract for the sale of all outstanding shares, that TruckCo was ready, willing, and able to close, and that the Seller failed and refused to close. The Partial Summary Judgement Order also finds it was undisputed, as the State Court defendants themselves acknowledged, that the warranted financial statements were inaccurate as of the date of execution, while reserving identified questions for trial; it holds that "an election of remedies must first occur" and that the "determination of damages is reserved for further proceedings." Partial Summary Judgment Order at 2 to 3. The Partial Summary Judgment

3

Order was recorded in the Official Records on April 27, 2026, Instrument No. 2026098832, Book 13972, Page 0898. The core of the parties' dispute has therefore already been adjudicated, and those findings are established in the State Court record and binding on this Court. What remains is the completion of the State Court action that is far along: the reserved issues, the election of remedies, and the determination of damages, before the judge who has presided over the controversy from the beginning of the litigation.

**D. The petition, the adversary proceeding, and the June 30 hearing.** The Debtor filed this Subchapter V case on June 10, 2026, and on June 12, 2026 filed a verified complaint commencing Adversary Proceeding No. 8:26-ap-00201-CED, seeking an injunction under 11 U.S.C. § 105(a) to extend the automatic stay to the non-debtor defendants. The Debtor concedes in that pleading that the causes of action against the non-debtor defendants "remain pending" and are not stayed. Verified Compl. ¶ 24, Adv. No. 8:26-ap-00201-CED, Doc. 1. Following the June 30, 2026 preliminary hearing, the Court stayed the claims against the non-debtors for thirty days, through on or about July 30, 2026, and directed the parties to mediation.

**E. The stock and the ownership record.** By its terms, § 362(a)(1) bars only the continuation of the State Court Action against the Debtor. On any version of the record, the Debtor does not own the stock. The stock, which is the subject of the specific-performance remedy, reaches the shareholders' property, not property of the estate under § 541. The Debtor's own pleading describes that stock as among "the State Court Defendants' assets." Verified Compl. ¶ 34(c) (Adv. Doc. 1). Which shareholders hold the shares is itself unsettled on the Debtor's own papers: its sworn List of Equity Security Holders identifies Bruce A. Ritchey and Karen A. Ritchey individually; the SPA records the Trust (200 shares) and Brett Vogeler (66 shares); and the Debtor's 2024 federal income tax return reports two shareholders in a third configuration, Bruce

4

A. Ritchey (65 shares) and Karen A. Ritchey (35 shares), with no Trust and no Vogeler. Compare Main Case Doc. 5 with Ex. A, § 3.02, and RITCHEY009038 to 009058. Those questions of ownership are among the matters pending in the State Court Action; however, every answer leaves the shares outside the bankruptcy estate.

   **F.  The Debtor's financial condition and the petition's timing.** The Debtor's filings attribute its distress substantially to the burden of the litigation. Its own produced financial statements show substantial liquidity: the December 31, 2025 balance sheet reports cash of $936,202.96 against total liabilities of $262,149.81 (RITCHEY009089 to 009090, Ex. I), and the produced ledgers place the Debtor's 2025 defense costs at approximately $142,000 (RITCHEY009122, 009126). The petition was filed on June 10, 2026, forty minutes and thirty-five seconds after TruckCo filed its Motion for Expanded Temporary Injunction and Protective Order in the State Court Action: the motion was e-filed at 4:28:54 p.m. (Filing No. 250085051), and the Suggestion of Bankruptcy was e-filed at 5:09:29 p.m. (Filing No. 250091049) (Composite Ex. J). The litigation costs the Debtor identifies include the defense of the non-debtor defendants, which the Company has funded, along with other payments that did not inure to the Company's benefit, including insider compensation and distributions. Separately, operating assets of the Company were sold or transferred while the litigation was pending, as reflected in the record of the State Court Action, including the Debtor's own disposition schedule produced in discovery (RITCHEY001134). The Debtor's disclosures in the State Court remain incomplete. The schedules and statements it has filed (Main Case Doc. 59, signed July 14, 2026) present a financial picture materially different from the Debtor's own produced financial statements through the first quarter of 2026. These facts bear on cause as the Debtor continues to take action to benefit insiders to the detriment of creditors and the Debtor.

5

**Legal Standard**

2. Under 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay "for cause." Cause is not defined in the Code and is determined case by case on the totality of the circumstances; the bankruptcy court's power is broad and flexible. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984). A petition filed in bad faith is cause for relief, and the determination is committed to the bankruptcy court's discretion. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 to 1027 (11th Cir. 1989). Granting relief on that ground does not require dismissal of the case. *Id.* at 1027. A desire to permit a pending action to proceed to completion in another tribunal is likewise a recognized cause, and the Eleventh Circuit has approved modifying the stay to permit a pending action to proceed against the debtor to establish liability while reserving recovery so that estate property is not at risk. *In re Jet Florida Sys., Inc.*, 883 F.2d 970, 976 (11th Cir. 1989); *see also In re Star Broadcasting, Inc.*, 336 B.R. 825, 832 to 833 (Bankr. N.D. Fla. 2006) (granting relief from the stay to permit the buyer's prepetition action against the debtor for specific performance of a sale agreement to proceed). Once the movant makes an initial showing of cause, § 362(g) places the burden of proof on the party opposing relief on every issue other than the debtor's equity in property. 11 U.S.C. § 362(g); *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 to 1286 (2d Cir. 1990).

**Argument**

3. The questions before this court are narrow ones: whether this controversy can be completed in the State Court, and if it can, whether it should be. It can, and in material part only there: the Court indicated at the June 30 hearing that it would not attempt to adjudicate the State Court Action. These are Florida contract, warranty, fraud, and ownership claims that the State Court has developed for sixteen months and substantially adjudicated. These are non-core claims

6

4924-1277-0753, v. 3

that this Court cannot finally determine absent a consent the Movants have not given. Stay relief is appropriate, because the determinations the State Court reserved are prerequisites to any path this case takes. Whatever the Debtor proposes for the Company's assets, the ownership of the disputed assets must be determined and the notice of lis pendens recorded against the four Company parcels must be resolved. The only question is whether those determinations should be completed in the forum that has nearly finished them, or begun again here against only one of the State Court defendants, with a plan due in September.

**A. The State Court should be permitted to finish what it has substantially completed.**

The claims in the State Court Action, as pleaded by TruckCo and by Signal, are Florida-law claims for breach of contract, breach of warranty, fraud, fraudulent transfer, declaratory relief, and specific performance. They arose before the filing of the bankruptcy petition and exist independently of the Bankruptcy Code. There claims have been litigated in State Court for sixteen months. The State Court is familiar with the facts and legal arguments. It has resolved standing, supervised discovery, compelled the Debtor's production, and entered partial summary judgment. Four central liability issues are therefore already adjudicated: the validity of the contract, Signal's standing, the Buyer's readiness, the Seller's failure and refusal to close, and the undisputed inaccuracy at execution of the warranted financial statements, as the defendants acknowledged. Those findings are established and preserved and binding on this Court. Stay relief does not reopen them, it permits the State Court to try only what it reserved: the remaining issues, the election of remedies, and damages, before the judge who knows the record. Any adjudication of these claims in this Court would require significant judicial resources to understand the history of the litigation, require determinations or recreate, at substantial cost, the record that produced them: contested discovery and two compel orders, a standing determination, and partial summary judgment, with

7

ownership framed and remedies reserved. Recreating that record here would squander the resources another court has already invested. In addition, the portion apart from non-debtors would have to be litigated in State Court. Judicial economy weighs heavily in favor of permitting the State Court to finish.

**B.   The petition serves the Debtor's insiders, not the estate; the estate's interests and the insiders' are opposite.** The organizing fact of this case is an inversion: the interests of the Debtor, as an estate answerable to its creditors, are opposite the interests of the Seller and the individuals who control the Debtor. Completion of the SPA the Debtor itself signed and the State Court has determined to be valid, presents an outcome under which the estate's non-insider creditors are paid in full and the Company survives as a going concern, and it places the cost of the sellers' conduct on the Seller through the SPA's own Buyer Credit, offset, and indemnification provision: the Buyer Credits reduce the price by, among other things, "[a]ny other obligation or liability of the company not expressly listed in Exhibit A" (Ex. A, §§ 1.02, 1.08(e)), the § 7.04 offset applies indemnification against the Seller's Note, and § 7.01 indemnification runs from the Seller. At closing, the Company's exposure on the warranty breaches and the fraud claims, including liability of a kind that is not dischargeable, is satisfied through reductions borne by the Seller, not by the estate. That same outcome is the worst available outcome for the Seller and the Ritcheys personally, which is why the parties in control of the Debtor have resisted it at every step.

The record shows whose interests the bankruptcy filing serves. The Debtor's own records and conduct contradict the litigation-distress narrative in its filings: year-end cash exceeding total liabilities by more than three times. The Debtor's principals received a dividend of $230,000. Documented 2025 defense costs were a fraction of the Debtor's cash and were less than the

8

4924-1277-0753, v. 3

dividend paid to the Ritcheys, a position difficult to reconcile with the asserted need for bankruptcy protection. Background F; Ex. I.

The litigation cost the Debtor invokes is in material part the cost of defending the non-debtor defendants, an expenditure that did not inure to the Debtor's benefit and that the Debtor may cease at any time.

The petition followed the adverse partial summary judgment by seven weeks and the Movants' protective-order motion by forty minutes and thirty-five seconds (Background F; Composite Ex. J).

The Debtor's disclosures here remain incomplete, and those made are materially different from its own produced financials through the first quarter of 2026. A filing made on the verge of further adverse rulings, by a financially secure party, to escape the consequences of a bargain it struck, is the pattern *Dixie Broadcasting* identifies: the Code "is not intended to insulate financially secure" parties "from the bargains they strike." 871 F.2d at 1028. The Movants do not ask the Court to dismiss the case on this ground; under *Dixie*, relief from the stay is available without dismissal, 871 F.2d at 1027, and that is the narrow relief sought here.

**C.   Allowance of the Movants' claims depends on completion of the State Court Action.** Relief also directly benefits the administration of this case. The Movants hold claims against the Debtor arising from the SPA and the related warranty and fraud theories. Those claims are unliquidated, and their nature and characterization remain unresolved. The State Court expressly reserved the election of remedies, and characterization precedes valuation. The Movants must file proofs of claim by the August 19, 2026 bar date, and this Court cannot determine the amount or the nature of those claims until the State Court completes the work it has begun.

4924-1277-0753, v. 3

The most efficient path to allowance is the one the Eleventh Circuit approved in *Jet Florida*: permit the pending action to proceed to judgment to establish and liquidate liability, and reserve all enforcement to the bankruptcy process, where the liquidated claims return for allowance and distribution under this Court's supervision. The characterization required is twofold. The Movants assert a claim against the Debtor arising from the SPA, which the State Court will liquidate. The Movant has an interest in property, the four Company parcels encumbered by the recorded lis pendens, which secures remedies sought against the non-debtor Seller. Those are different things, they receive different treatment, and neither can be valued before it is characterized. The Movants do not ask the Court to resolve that characterization now; they ask only that the forum already determining it be permitted to finish. The underlying claims are traditional, non-core Florida-law claims already pending in another court, *see Whiting-Turner Contracting Co. v. Electric Machinery Enterprises, Inc. (In re Electric Machinery Enterprises, Inc.)*, 479 F.3d 791, 796 to 798 (11th Cir. 2007), and the Movants have not consented to their final adjudication in this Court, as set forth in their motions filed in the adversary proceeding. The claims of record, including the recorded lis pendens, likewise cannot be resolved except through completion of that action or contested litigation here. Stay relief therefore does not take anything from this case; it supplies what this case will need.

**D. The parties' contractual forum selection favors completion in the State Court.** This Court's jurisdiction over the bankruptcy case under 28 U.S.C. § 1334 is not in question. However, that does not resolve the appropriate forum to liquidate claims remedy in the State Court action. The parties, however, agreed in advance where disputes under the SPA would be litigated. Section 8.10 provides that any suit, action, proceeding, or dispute arising out of or related to the SPA "may be instituted in the United States District Court for the Middle District of Florida, Tampa Division

10

or the courts of the State of Florida, Polk County, Florida," and that each party "irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, proceeding, or dispute." Ex. A, § 8.10. TruckCo commenced the State Court Action in one of the two designated forums, the Circuit Court for Polk County, and the Seller thereafter invoked the same forum by asserting its own counterclaim and third-party claims in the action (Ex. G). The Debtor itself selected that forum by executing the SPA and then litigating there through discovery and dispositive motion practice, to the entry of Partial Summary Judgment Order, before invoking bankruptcy. The Debtor's bankruptcy does not undo that contractual submission: the estate takes the Debtor's contracts subject to their terms. The parties' agreed forum choice, honored by every party until the petition, strongly favors allowing the pending litigation to continue where the parties agreed it belongs, and it independently supports permissive abstention under 28 U.S.C. § 1334(c)(1).

**E.    The claims against the non-debtor defendants will resume regardless, and fragmentation is imminent.** The Debtor concedes that the claims against the non-debtor defendants, the Trust, Bruce and Karen Ritchey individually, Ritchey's Tractor Works, LLC, and Brenda S. James, are not stayed and "remain pending." Verified Compl. ¶ 24 (Adv. Doc. 1). Those claims arise from the same contract and the same facts as the claims against the Debtor. The non-debtor defendants include the parties who controlled the Company and made the representations the State Court has found were inaccurate at execution, and the transferees of Company assets; their interests are not aligned with the estate's, TruckCo has served the Seller with a notice of breaches and intent to seek indemnification under SPA § 7.01, and the Debtor's discharge, if any, would not affect the non-debtors' liability. 11 U.S.C. § 524(e). Keeping the claims against the Debtor alone frozen while the identical claims against the non-debtors go forward would split a single controversy between two tracks, create a serious risk of inconsistent determinations on the

11

same facts, and duplicate effort. Coordinated resolution in the one forum already deciding the entire dispute is the efficient and orderly course.

**F.  The Debtor's lack identity of interest with the non-debtor defendants supports completing the liquidation in one forum.** In the adversary proceeding, the Debtor alleges "unusual circumstances," contends that it cannot operate without Mr. Ritchey, Mrs. Ritchey, and Ms. James, and asserts that a judgment against the State Court Defendants "will give rise to indemnification claims against the estate." Verified Compl. ¶¶ 31, 33 to 35 (Adv. Doc. 1). The record shows the opposite of identity: what is best for the Debtor, completion of the signed SPA, is worst for the non-debtor defendants personally, and the SPA's indemnification runs from the Seller to the Buyer, not from the Company to its insiders (Ex. A, Art. VII). The question, however, answers itself either way. If there is no identity of interest, the non-debtor claims resume regardless, and freezing the Debtor alone fragments one controversy for no estate benefit. If the interests were intertwined, an intertwined controversy should be resolved once, where every party is present and the case is substantially adjudicated. Either way, cause exists.

**G.  Relief does not prejudice the estate, and the election of remedies remains reserved.** The Movants do not seek to collect against property of the estate. They seek to liquidate liability in the forum already deciding it, with any enforcement or recovery against the estate reserved to the distribution process under this Court's supervision. *See Jet Florida*, 883 F.2d at 976. The stay's core purpose, the orderly and equal treatment of creditors, is fully preserved, and this Court retains everything Congress entrusted to it: the stay as to enforcement, administration of the estate, allowance and priority of claims, any plan and its confirmation, distributions, and discharge. Nothing is surrendered.

4924-1277-0753, v. 3

Relief can affirmatively augment the estate: among the reserved questions is the ownership of the disputed assets, and a determination that those assets are Company property returns value to the estate. The State Court expressly reserved the election of remedies, and no election has been made. The Movants do not elect by this Motion; they expressly reserve the election the State Court reserved, and they cannot responsibly elect until the Company's remaining assets and liabilities are known. The State Court must determine liability, the reserved issues, and the election before this Court can know what rights exist and in what amount. Whatever the election, the SPA's own Buyer Credit, offset, and indemnification mechanics (Ex. A, §§ 1.02, 1.08(e), 7.01, 7.04) operate at the Seller's cost rather than the estate's, shifting the Company's liabilities on the warranty breaches and the fraud claims to the Seller at closing, and, as set out in Background E, on any version of the ownership record the stock the reserved specific-performance remedy reaches is the shareholders' property, not the estate's, so completion of the State Court Action does not diminish the estate. Value should be traced to its destination: completion enables the outcome that pays the non-insider creditors in full, and the Movants are aware of no alternative before the Court that does the same.

**H.  The Debtor cannot carry its burden to keep the stay in place.** The Movants have made the initial showing of cause, so under § 362(g) the Debtor bears the burden of proof that the stay should remain. It cannot meet that burden. The matter is a mature, substantially adjudicated state-law controversy in the forum the parties selected; the petition's timing and the Debtor's own financial statements independently establish cause; the claims against the non-debtor defendants resume there within days regardless; completion serves judicial economy and supplies the liquidated claims this case will need; and the requested relief reserves all enforcement against estate property to this Court. Measured against the recognized factors (complete resolution,

13

absence of interference with the case, judicial economy, readiness, and likelihood of success), every factor favors relief. On balance, the harm to the Movants and to the orderly resolution of a single controversy from continuing the stay far outweighs any harm to the estate from lifting it. This Motion asks the Court to restore, not relocate, the adjudication of a controversy that was substantially completed before the petition, while preserving every bankruptcy function Congress entrusted exclusively to this Court. That balance serves the estate and the efficient administration of this case.

**Conclusion**

WHEREFORE, the Movants respectfully request that the Court enter an order: (a) modifying the automatic stay under 11 U.S.C. § 362(d)(1) to permit the State Court Action to continue to a final judgment determining liability, the parties' rights and remedies under the SPA including the election of remedies reserved by the State Court, the ownership of the disputed assets, and the warranty and fraud claims, and to permit entry of that judgment; (b) providing that any enforcement or collection against property of the estate is reserved to this Court and shall be pursued through the distribution process; (c) providing that the order is effective immediately and that the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived, *see Star Broadcasting*, 336 B.R. at 833; and (d) granting such other and further relief as is just and proper. A proposed order in the form submitted with this Motion is tendered for the Court's consideration. Nothing in this Motion constitutes an election of remedies or consent to any sale of estate or disputed assets, to any sale free and clear of the Movants' interests, or to any impairment of the recorded lis pendens or the reserved remedies, and the Movants expressly reserve the election reserved by the State Court and all other rights, including their rights under 11 U.S.C. §§

14

362, 363, and 365, their positions in the adversary proceeding, and their rights under 11 U.S.C. §§ 1112(b) and 1185(a) and 28 U.S.C. § 1334(c).

Respectfully submitted,

/s/ *Scott A. Stichter*

Scott A. Stichter (FBN 0710679)
STICHTER, RIEDEL, BLAIN & POSTLER, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: sstichter@srbp.com
Counsel for TruckCo, LLC and Signal Management Group, Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion for Relief from Automatic Stay was served on July 27, 2026, by the Court's CM/ECF system on all parties receiving electronic notice, and by U.S. Mail or email, as indicated, to:

Amy Denton Mayer, Esquire
Berger Singerman LLP
amayer@bergersingerman.com
Counsel for the Debtor

Nathan A. Wheatley, Esquire
Office of the United States Trustee
Nathan.a.wheatley@usdoj.gov

Michael C. Markham, Esquire
mikem@jpfirm.com
minervag@jpfirm.com
cmcm11@trustesolutions.net
Subchapter V Trustee

1007-2 Parties in Interest Matrix (attached)

/s/ *Scott A. Stichter*
Scott A. Stichter (FBN 0710679)

15

4924-1277-0753, v. 3

**INDEX OF EXHIBITS[2]**

Exhibit A: Stock Purchase Agreement dated October 22, 2024 (executed)

Exhibit B: TruckCo's Third Amended Complaint

Exhibit C: Signal's Amended Counterclaim and Third-Party Complaint

Composite Exhibit D: Agreed Order on Plaintiffs' Motion to Compel entered November 4, 2025, and Order Granting Plaintiffs' Motion to Compel entered April 16, 2026

Exhibit E: Order determining the Buyer's standing entered January 22, 2026

Exhibit F: Order on Plaintiffs' Motion for Partial Summary Judgment entered April 22, 2026 (recorded April 27, 2026, Instrument No. 2026098832, Book 13972, Page 0898)

Exhibit G: Seller's Counterclaim and Third-Party Complaint

Exhibit H: Notice of Lis Pendens recorded February 11, 2025 (Instrument No. 2025030949, Book 13429, Page 0590)

Exhibit I: Debtor's produced Balance Sheet as of December 31, 2025 (RITCHEY009089 to 009090)

Composite Exhibit J: File-stamped Motion for Expanded Temporary Injunction and Protective Order (Filing No. 250085051) and Suggestion of Bankruptcy (Filing No. 250091049), each filed June 10, 2026

---

[2] The exhibits are voluminous. The exhibits to this Motion are available for inspection at the Bankruptcy Court located at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Additionally, parties in interest can request a copy of the exhibits by contacting Debtor's counsel, Scott A. Stichter, Esquire, Stichter, Riedel, Blain & Prosser, P.A., by mail at 110 Madison Street, Suite 200, Tampa, Florida 33602; by phone at (813) 229-0144; by fax at (813) 229-1811; or by email at sstichter@srbp.com.

4924-1277-0753, v. 3

Label Matrix for local noticing
113A-8
Case 8:26-bk-04988-CED
Middle District of Florida
Tampa
Mon Jul 27 16:11:26 EDT 2026

Attn: Ally Bank Department
AIS Portfolio Services, LLC
Account: XXXXXXXX5781
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

BP Business Solutions WEX
PO Box 639
Portland, ME 04104-0639

Bartow Ford
P.O. Box 1700
Bartow, FL 33831-1700

Cintas
PO Box 630921
Cincinnati, OH 45263-0921

Crumpton Welding
PO Box 75939
Tampa, FL 33675-0939

DM Computer Consulting
5312 Orange Ave. Unit B
Seffner, FL 33584-4417

Fleet Products
2700 S Combee Road
Lakeland, FL 33803-7384

Florida Kenworth, LLC
PO Box 689706
Chicago, IL 60695-9706

Florida Utility Trailers Inc
1101 S. Orange Blossom Trail
Apopka, FL 32703-6564

Interstate Battery Systems
PO Box 2673
Eaton Park, FL 33840-2673

Mine & Mill Supply Company
PO Box 729
Eaton Park, FL 33840-0729

Nextran Truck Centers
2200 W. Landstreet Rd
Lakeland, FL 33809

O'Reilly Auto Parts
P.O. Box 1799058
Springfield, MO 65807

Professional Towing
13601 US 41
Brooksville, FL 34610-4422

Rush Truck Centers
Interstate Billing Services
PO Box 2208
Decatur, AL 35609-2208

Southport Truck Group
7528 US Hwy 301 N
Tampa, FL 33637-6769

SunState International Truck
Interstate Billing Service
PO Box 2208
Decatur, AL 35609-2208

Ted W Weeks IV, PA
402 S Kentucky Ave
Suite 350
Lakeland, FL 33801-5358

TruckCo, LLC
1701 S Florida Ave.
Lakeland, FL 33803-2262

TruckCo., LLC,
Signal Management Group
Russell P. Matthews
c/o Scott S. Stichter, Esq.
110 E. Madison St., Ste. 200
Tampa, FL 33602-4718

Truist Bank
2713 Forest Hill Road SW
Wilson, NC 27893-4432

Valenti Law
114 N. Tennessee Ave
Suite 200
Lakeland, FL 33801-4630

End of Label Matrix
Mailable recipients    22
Bypassed recipients     0
Total                  22